**RECEIVED**
JUN 06 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

22-cr-111 JNE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INFORMATION** |
| Plaintiff, | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1957 |
| v. | 18 U.S.C. § 981(a)(1)(C) |
| | 28 U.S.C. § 2461(c) |
| SUZANNE GRIFFITHS, | |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

At times relevant to this Information:

### Scheme to Defraud

1. From at least 2018 through December 2020, Defendant SUZANNE GRIFFITHS executed a scheme to defraud by soliciting investments into her house-flipping businesses under knowingly false and fraudulent pretenses, representations, promises, and concealment of material facts. Instead of using the solicited investments as promised, GRIFFITHS intentionally misappropriated at least $3,197,109.47 of investor funds for her own personal benefits. GRIFFITHS also knowingly used these criminally derived proceeds to engage in monetary transactions exceeding $10,000 for the benefit of herself and her family.

2. GRIFFITHS was active in the house-flipping community and frequently attended seminars of a national real estate investment coaching program. These seminars allowed GRIFFITHS to meet other individuals interested in house flipping and to pitch her own house-flipping businesses: Level 5 Properties, LLC; 45 North Investment Properties, LLC, and Our Town Properties. GRIFFITHS frequently


SCANNED
JUN 06 2022
U.S. DISTRICT COURT MPLS

contacted seminar attendees about potential investment opportunities in properties owned by GRIFFITHS's businesses.

3.     During the scheme to defraud, in return for investments, GRIFFITHS promised investors various manners of repayment. These promises included things such as loan repayment plus interest, a specified position on a property's mortgage, or a personal guarantee from GRIFFITHS of the investment. But, throughout the fraud scheme, GRIFFITHS knowingly and frequently made material misrepresentations about the status of real-estate projects, failed to take promised action, falsified documents, and misappropriated investments for her own use. The defendant engaged in this conduct to deceive investors and prolong her fraudulent scheme.

## COUNT 1
(Wire Fraud)

4.     Paragraphs 1-3 are realleged as if set forth herein.

5.     On or about the date set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**SUZANNE GRIFFITHS**,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds.

6.     Specifically, in November 2018, GRIFFITHS knowingly solicited an investment from C.G. to finance repairs and renovations at a given property in Minnesota under knowingly false and fraudulent pretenses. On November 16, 2018,

United States v. Suzanne Griffiths

C.G. wired $100,000 through interstate servers to GRIFFITHS. GRIFFITHS subsequently misappropriated these funds and C.G. lost her entire investment because of GRIFFITHS's actions.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
(Money Laundering)

7. Paragraphs 1-3 are realleged as if set forth herein.

8. On or about November 27, 2018, in the State and District of Minnesota, the defendant,

**SUZANNE GRIFFITHS,**

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000—namely, a $115,000 wire transfer from investor A.D.P. purportedly for improvements at a given property that GRIFFITHS instead misappropriated to prolong her fraud scheme while knowing this money derived from a specified unlawful activity—namely, wire fraud—all in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

9. Counts 1 and 2 of this Information are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1).

United States v. Suzanne Griffiths

10. Upon conviction of the offense alleged in Count 1, as set forth in this Information, defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

11. Upon conviction of the offense alleged in Count 2, as set forth in this Information, defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

12. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated: June 6, 2022

ANDREW M. LUGER
United States Attorney

*/s/ Jordan L. Sing*

BY: JORDAN L. SING (393084)
Assistant United States Attorney